UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 15-293 |
| SABRINA DEVILLE | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 534**) filed by Defendant Sabrina Deville. The United States of America ("the Government") opposes the motion **(Rec. Doc. 581).** Having considered the pro se motion, the opposition, the record, and the applicable law, the Court finds that Defendant's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 534**) is **DENIED** for the reasons set forth below.

**I.  Background**

This Court held a rearraignment on March 29, 2017, at which Deville plead guilty to Counts 1, 5, and 10 of a Superseding Indictment. Pursuant to the plea agreement and as admitted to by Deville in the factual basis, she committed violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 843(b), and 847. (Rec. Doc. 373, 374, and 375). On October 3, 2017, the Court sentenced Deville to eighty-seven months for Counts 1 and 5, and forty-eight months for Count 10 to be served concurrently. (Rec. Doc. 513). The Court ordered Deville to surrender on or before November 1, 2017. (Rec. Doc. 515). Deville brings the instant pro se motion to vacate the sentence alleging three grounds: (1) ineffective assistance of counsel; (2) government misconduct; and (3) incorrect sentence. (Rec. Doc. 534).

**II.  Legal Standard**

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court."

*U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id*. (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v. Petrus,* 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a Section 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id*. (citing *Owens v. U.S.*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.*, 575 F.2d 515 (5th Cir. 1978)).

**III.    Law and Analysis**

Alleging several specific instances and supporting facts, Deville argues that her sentence should be vacated based upon three grounds: (1) ineffective assistance of counsel; (2) the Government's misconduct; and (3) incorrect sentence. The Government argues that the Court should deny Deville's motion because (1) her plea agreement waived her right to contest the sentence that she received, other than for ineffective assistance of counsel; (2) her arguments about the sentencing guildelines calculations and variances are procedurally barred; and (3) her arguments about ineffectiveness have no merit. (Rec. Doc. 581, p. 4). Upon review of each ground Deville alleges, the Court is persuaded by the Government's response and denies Deville's motion.

Deville's first claim is that her counsel provided gross ineffective assistance of counsel in violation of her Sixth Amendment right to counsel. (Rec. Doc. 534, p. 9). Deville alleges several specific instances in which her counsel was ineffective prior to her guilty plea. (Rec. Doc. 534, pp. 9-11). The assertions generally allege that her counsel failed to investigate the case and make several objections. (*Id.*). The Government counters that she fails to show a deficiency in her counsel's handling of her case. (Rec. Doc. 581, p. 6). The Government also asserts that Deville's arguments lack merit because she pled guilty before a trial[1], which is when her counsel would have been able to challenge the Government's case. (*Id.*).

Deville also alleges several specific instances in which her counsel was ineffective subsequent to her guilty plea. (Rec. Doc. 534, pp. 11-15). The assertions generally allege that her sentence could have been reduced had her counsel challenged the merits of the government's case. (*Id.*). The Government responds by arguing that because Deville plead guilty, defense

---

[1] The Court notes that ineffective assistance of counsel claims also include counsel's effective assistance prior to trial. The Court finds that counsel was effective throughout counsel's entire representation of Deville.

counsel was not deficient by abandoning claims of innocence or mitigation of guilt. (Rec. Doc. 581, p. 8).

An accused is entitled, as a matter of constitutional law, to assistance of counsel. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.*, 372 U.S. 353 (1963)). The representation must be effective. *Id.* (citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Lombard v. Lynaugh*, 868 F.2d 1475, 1481 (5th Cir. 1989)). To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland* 466 U.S. at 687). This reasonableness standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar*, 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

The Court finds that not only was defense counsel's performance above the objective standard of reasonableness, but also Deville was in no way prejudiced by her counsel's representation. In fact, counsel provided outstanding representation for Deville. Deville fails to show that if counsel had pursued her listed objections then the overwhelming weight of the evidence against her would have shifted. As provided in the factual basis, the Government's case included several witnesses, physical evidence, and wiretaps. After the Court painstakingly reviewed her understanding of the charges at the rearraignment, Deville attested under oath that she understood the charges and that she plead guilty. Deville's guilty plea enabled her to receive a three-point reduction and a safety-valve reduction. Over the objection of the Government, the Court found that Deville was not an organizer which allowed her to receive a guildelines sentence of eighty-seven months as opposed to a mandatory minimum of 120 months.

Deville's second claim is that unconstitutional Government misconduct tainted her indictment, plea agreement, and sentence. (Rec. Doc. 534, p. 16). Deville cites nine supporting facts that the Government's key informant did not follow the terms and conditions of being drug free and abiding by the laws. (*Id*.). Deville lastly argues that the Court should vacate her sentence on the ground that her sentence is based on misinformation. (Rec. Doc. 534, p. 19). Deville attributes the misinformation to ten enumerated supporting facts including several failures to object to her presentence report. (*Id.*, pp. 9-21). The Government counters by stating that these claims are barred by the collateral review waiver in her plea agreement. (Rec. Doc. 581, p. 9). The Government additionally states that the claims are procedurally barred because Deville did not raise them on direct appeal. (*Id.*, p. 10).

Deville's plea agreement provides,

> The defendant in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and

> voluntarily…waives and gives up any right to challenge her sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255…The defendant retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

(Rec. Doc. 374 p. 3). In consideration of a waiver in a plea agreement, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances. *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002). After the Court thoroughly reviewed the details of the charges, Deville attested under oath at the rearraignment that she knowingly and voluntarily wished to plead guilty pursuant to the plea agreement. The Court finds that Deville's remaining claims are barred by the waiver contained in her plea agreement.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 534**) filed by Defendant Sabrina Deville is **DENIED**.

New Orleans, Louisiana this 17th day of December, 2018

*[signature: Jay C. Zainey]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE