**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS                                                                   NO: 15-293

SABRINA DEVILLE                                                SECTION: "A" (1)

## ORDER AND REASONS

Before the Court is a **Motion Requesting This Court Unseal Pertinent Documents** (**Rec. Doc. 647**) filed by Defendant Sabrina Deville. Having considered the *pro se* motion, the record, and the applicable law, the Court finds that Defendant's **Motion Requesting This Court Unseal Pertinent Documents** (**Rec. Doc. 647**) is **DENIED** for the reasons set forth below.

This Court held a rearraignment on March 29, 2017, at which Deville plead guilty to Counts 1, 5, and 10 of a Superseding Indictment. Pursuant to the plea agreement and as admitted to by Deville in the factual basis, she committed violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 843(b), and 847. (Rec. Doc. 373, 374, and 375). On October 3, 2017, the Court sentenced Deville to eighty-seven months for Counts 1 and 5, and forty-eight months for Count 10 to be served concurrently. (Rec. Doc. 513). Deville brought a *pro se* Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 alleging three grounds: (1) ineffective assistance of counsel; (2) government misconduct; and (3) incorrect sentence. (Rec. Doc. 534). On December 18, 2018 the Court denied Deville's motion to vacate. (Rec. Doc. 591). Deville now brings the instant *pro se* motion requesting the Court to unseal her sentencing transcript because she intends to move the Fifth Circuit to show cause that her § 2255 motion was timely. (Rec. Doc. 647, p. 1).

The Court denied Deville's motion to vacate the sentence upon review of the merits of each of the three grounds alleged by Deville. (Rec. Doc. 591, p. 3). The Court found that not

only was defense counsel's performance above the objective standard of reasonableness, but also Deville was in no way prejudiced by her counsel's representation. (*Id.* at 5). The Court also found that Deville's claims of government misconduct and incorrect sentence were barred by the waiver contained in her plea agreement. (*Id.* at 6). Considering that the Court denied Deville's § 2255 motion on the merits, the Court denies Deville's Motion Requesting This Court Unseal Pertinent Documents (Rec. Doc. 647) timeliness argument is moot.

The defendant is requesting that the transcripts of her sentencing be unsealed. However, the sentencing was never transcribed. Because she retained counsel, there would have to be determination of the defendant's pauper status prior to the transcript being prepared at the government's expense. Furthermore, the defendant would have to show that the appeal is not frivolous and presents a substantial question, which she has not.

Accordingly;

**IT IS ORDERED** that the **Motion Requesting This Court Unseal Pertinent Documents** (**Rec. Doc. 647**) filed by Defendant Sabrina Deville is **DENIED**.

New Orleans, Louisiana this 4th day of June 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE