UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-293 |
| SABRINA DEVILLE | SECTION "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 710)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and a **Motion for Home Confinement (Rec. Doc. 711)** filed by the Defendant Sabrina Deville. The Government opposes these motions. (Rec. Doc. 694). For the following reasons, the motion is denied.

### I.   BACKGROUND

On March 29, 2017, Deville pled guilty to Counts 1, 5, and 10 of a Second Superseding Indictment that consisted of violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 843(b), and 846. (Rec. Doc. 374, Deville's Plea Agreement). The Court then sentenced Deville on October 3, 2017 to 87 months as to Counts 1 and 5, and 48 months as to Count 10, to be served concurrently. (Rec. Doc. 513, Judgment as to Sabrina Deville). Deville is currently housed at ICE's Robert A. Deyton Detention Facility in Lovejoy, Georgia. (Rec. Doc. 701, The Government's Memorandum in Support).

On May 21, 2020, Deville filed her first Motion for Compassionate Release because of the COVID-19 outbreak. However, because Deville had failed to exhaust her administrative remedies before filing, the Court denied this request. (Rec. Doc. 706). Subsequently, on July 21, 2020, Deville filed her second Motion for Compassionate Release after fully exhausting her administrative remedies, (Rec. Doc. 710), and she also filed a Motion for Home

Confinement on July 24, 2020. (Rec. Doc. 711). The Court will now address both of her motions.

## II.   DISCUSSION

### A.  Motion for Compassionate Release

28 U.S.C. § 994(t) provides: "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[1]

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[1] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the Court).

      (ii) The defendant is—

          (I) suffering from a serious physical or medical condition,

          (II) suffering from a serious functional or cognitive impairment, or

          (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.).

Here, the Court finds that Deville has failed to present evidence of extraordinary and compelling reasons to modify her prison sentence. Indeed, she has produced little medical evidence of her current condition or diagnosis to satisfy her burden to establish her entitlement to a sentence reduction. More specifically, Deville claims that she suffers from depression and anxiety. (Rec. Doc. 693, p. 3, Deville's First Motion for Compassionate Relief). However, these medical conditions do not place her at an increased risk of severe

illness from COVID-19.[2] Moreover, "the fear of a communicable disease" does not "warrant[] a sentence modification." *Clark*, 2020 WL 1557397, at *4.

### B. Motion for Home Confinement

Deville also appears to seek relief alternatively under 18 U.S.C. § 3622, as she asks the Court to order the BOP to release her on home confinement prior to her current release date. (Rec. Doc. 711, Deville's Motion for Home Confinement). 18 U.S.C. § 3621 provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," and, pursuant to § 3622, "[t]he Bureau of Prisons may release a prisoner from the place of h[er] imprisonment for a limited period," under certain circumstances. As a result, the BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody. Thus, because the Court lacks authority to order the BOP to transfer Deville to home confinement, her motion is denied.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 710)** and the **Motion for Home Confinement (Rec. Doc. 711)** filed by the Defendant Sabrina Deville are **DENIED**.

August 3, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.