UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-293 |
| SABRINA DEVILLE | SECTION "A" (1) |

### ORDER AND REASONS

Before the Court is *pro se* Defendant Sabrina Deville's third **Motion for Compassionate Release (Rec. Doc. 723)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the motion. (Rec. Doc. 725). For the following reasons, the motion is denied.

### I. BACKGROUND

On March 29, 2017, Deville pled guilty to Counts 1, 5, and 10 of a Second Superseding Indictment that consisted of violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 843(b), and 846. (Rec. Doc. 374, Deville's Plea Agreement). The Court then sentenced Deville on October 3, 2017 to 87 months as to Counts 1 and 5, and 48 months as to Count 10, to be served concurrently. (Rec. Doc. 513, Judgment as to Sabrina Deville). Deville is currently housed at FCI Greenville, in Illinois. (Rec. Doc. 725). She has a projected release date of January 27, 2024. (Rec. Doc. 725).

On May 21, 2020, Deville filed her first Motion for Compassionate Release because of the COVID-19 outbreak. However, because Deville had failed to exhaust her administrative remedies before filing, the Court denied this request. (Rec. Doc. 706). Subsequently, on July 21, 2020, Deville filed her second Motion for Compassionate Release after fully exhausting her administrative remedies (Rec. Doc. 710). The Court denied her motion, because she did

not present evidence of extraordinary and compelling reasons to modify her prison sentence. (Rec. Doc. 712). On June 23, 2021, Deville filed her third Motion for Compassionate Release.

## II.     DISCUSSION

For a motion for compassionate release, generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has some exceptions, which, under the First Step Act, may now be presented to the court upon a defendant's motion.[1] For such a motion to be properly before the court, the defendant must either exhaust all administrative remedies, or thirty days must elapse "from the receipt of [a compassionate release request] by the warden of the defendant's facility, whichever is earlier." *Id.*; § 3582(c)(1)(A).

The court "may" grant such a motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c). The court must also conclude, however, that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual. The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted). However, the Fifth Circuit recently clarified that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion

---

[1] The First Step Act provided defendants a mechanism to unilaterally move for a sentence reduction; previously, the "Director of the Bureau of Prisons" needed to file the motion. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239.

under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [its] analysis." *Thompson*, 984 F.3d at 433.

A prerequisite to granting compassionate release is that the defendant shows "extraordinary and compelling reasons warrant[ing]" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). *Shkambi* notwithstanding, the Sentencing Commission's policy statement may still "inform" this Court's analysis of whether Deville has presented an extraordinary and compelling reason. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1); *United States v. Helmstetter*, No. 92-469, 2021 WL 310355, at *5 (E.D. La. Jan. 29, 2021) (Africk, J.); *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.).

### A. Exhaustion of Administrative Remedies

Section 3582 allows a court to consider a defendant's compassionate release motion only after the defendant exhausts administrative remedies, or 30 days elapse after the defendant submits a compassionate-release request to the warden. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement is "not jurisdictional but ... *is* mandatory") (emphasis in original). Here, Deville provides evidence that she submitted a written request to the warden on May 2, 2021, which was over 30 days before the filing of her motion with this Court. (Rec. Doc. 731-3). However, the Government asserts that BOP's own records show no administrative requests filed before this instant motion. (Rec. Doc. 725, p. 8). Nevertheless, the Court will consider whether there are extraordinary and compelling reasons for granting Deville's Motion for Compassionate Release.

### B. Extraordinary and Compelling Reasons

The Sentencing Commission's policy statement, though not binding for compassionate release motions brought by prisoners, still "informs" this Court's analysis of extraordinary and compelling reasons. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1); *Shkambi*, 993 F.3d at 393 (noting the policy statement is not binding for pro se motions). Again, the policy statement provides four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted). Additionally, in application note 1 to the policy statement, the Commission expounds on the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—

>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.).

Here, the Court finds that Deville has failed to present evidence of extraordinary and compelling reasons to modify her prison sentence. Deville argues the following reasons justify her release: (1) Deville's BOP facility, FCI Greenville, previously had a large number of inmate and staff infections, before it enacted BOP's Phase Seven Action Plan; and (2) Deville has a BMI over 30 and she is at additional risk because she is over 50 years old. The Government counters that Deville's health conditions and her generalized fear of COVID-19 do not constitute extraordinary and compelling circumstances. Additionally, the Government notes that Deville was offered the Pfizer vaccine on April 1, 2021, but she refused it. This undermines Deville's argument that COVID-19 presents an extraordinary and compelling risk to her. *See, e.g., United States v. Grandison*, No. 18-94, 2021 WL 2457542, at *2 (W.D. La. June 16, 2021) (gathering cases and reasoning that "Grandison cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk"); *United States v. Jackson*, No. 18-151, 2021 WL 2267539, at *3 (E.D. La. June 3, 2021) (Africk, J.) (finding no extraordinary and compelling reasons where, *inter alia*, the defendant refused the COVID-19 vaccine); *United States v. Reynoso*, No. 17-10350, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021) ("[T]he sincerity of his concern for his health is

dubious given that he rejected the opportunity to receive the COVID-19 vaccine."); *United States v. Robinson*, No. 17-611, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021) (noting that courts are "nearly uniform[ ]" in so holding). Moreover, "the fear of a communicable disease" does not "warrant[] a sentence modification." *Clark*, 2020 WL 1557397, at *4.

Deville also seeks relief based on her assertion that her sentence would have been calculated differently if she had been sentenced after the First Step Act of 2018. (Rec. Doc. 723, p. 2-4). She argues that the drug quantity level from her PSR—between 1.5 and 5 kilograms of a mixture containing methamphetamine—would be converted to a lower level, from 500 grams to 1.5 kilograms, if she were sentenced today. *Id.* Deville does not cite any authority for this argument, nor is there any. The First Step Act changed various parts of Deville's statute of conviction, 21 U.S.C. § 841, but it did not change the facts of her case. Her factual basis included a stipulation that for sentencing purposes, she was responsible for between 1.5 and 5 kilograms of a mixture containing methamphetamine. (Rec. Doc. 375, p. 14.) The PSR used that same drug quantity range in calculating Deville's base offense level of 32. (Rec. Doc. 492, p. 27.) Nothing in the First Step Act would have affected this outcome.

Deville also argues that under the First Step Act, she would have faced a five-year sentence rather than the ten-year sentence she faced at her sentencing. (Rec. Doc. 723, p. 2). This is both legally incorrect and irrelevant. The First Step Act changed certain mandatory minimums for defendants who, like Deville, were convicted under 21 U.S.C. § 841(b)(1)(A), but only in the case of those whose sentences were enhanced by prior convictions listed in a bill of information under 21 U.S.C. § 851. No Section 851 filing was made in Deville's case, nor was she eligible for one. Without the use of a Section 851 enhancement, the same ten-year mandatory minimum applies to Section 841(b)(1)(A) convictions today. And regardless of the applicable mandatory minimum in her case, the Court imposed a sentence of 87 months, far below the ten years that she argued applied to her.

Additionally, the grant of compassionate release would effectively reduce Deville's sentence from over seven years to under four years. Courts have denied relief where a defendant has a significant amount of time left on his sentence. *See United States v. Reed*, 464 F. Supp. 3d 854, 861 (E.D. La. 2020) (Fallon, J.); *see also United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) ("We have not previously considered whether a district court abuses its discretion by denying a motion for compassionate release based on the amount of time remaining to be served in the inmate's sentence. But numerous district courts have taken this into account in considering whether to grant compassionate release.") (citing cases). Such a reduction is counter to the applicable § 3553(a) considerations. Thus, weighing the remaining length of Deville's sentence and the totality of other relevant circumstances, the Court concludes that Deville has failed to present extraordinary and compelling reasons warranting her release and, even if such reasons existed, the Court concludes that compassionate release is not warranted after considering the applicable sentencing factors in 18 U.S.C. § 3553(a).

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 723)** filed by the Defendant Sabrina Deville is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Expedite (Rec. Doc. 728)** and **Motion for Extension of Time to File Reply (Rec. Doc. 729)** are **DISMISSED** as moot.

September 17, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE